UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RICK LEE NELSON, | ) |
| | ) No. CV-08-3063-CI |
| Plaintiff, | ) |
| | ) ORDER GRANTING PLAINTIFF'S |
| v. | ) MOTION FOR SUMMARY JUDGMENT |
| | ) AND REMANDING FOR |
| MICHAEL J. ASTRUE, | ) ADDITIONAL PROCEEDINGS |
| Commissioner of Social | ) PURSUANT TO SENTENCE |
| Security, | ) FOUR 42 U.S.C. § 405(g) |
| | ) |
| Defendant. | ) |
| | ) |

BEFORE THE COURT are cross-Motions for Summary Judgment (Ct. Rec. 13, 15.)  Attorney D. James Tree represents Plaintiff; Special Assistant United States Attorney David M. Blume represents Defendant.   The parties have consented to proceed before a magistrate judge. (Ct. Rec. 7.)  After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** Plaintiff's Motion for Summary Judgment and remands the matter to the Commissioner for additional proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

### JURISDICTION

Plaintiff protectively filed a Supplemental Security Income (SSI) application on April 21, 2004, alleging disability due a degenerative disc disease and an onset date in 2000.  (Tr. 76.)  In his appeal report form dated September 7, 2004, Plaintiff alleged

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS
PURSUANT TO SENTENCE FOUR 42 U.S.C. § 405(g) - 1

additional impairments: arthritis, pain, right knee pain/problems;

illiteracy, learning disabled, high blood pressure, severe muscle

spasms and depression. (Tr. 48, 103.) Plaintiff was awarded SSI

medical benefits on March 17, 2006. (Tr. 31-35.)   Following a

denial of SSI disability benefits at the initial stage and on

reconsideration, a hearing was held before Administrative Law Judge

(ALJ) Peter Baum on October 25, 2006. (Tr. 468-85.)   The alleged

onset date was amended to June 1, 2005, at the administrative

hearing. (Tr. 473.) On January 30, 2007, ALJ Baum denied benefits;

review was denied by the Appeals Council. (Tr. 22, 6-8.)   This

appeal followed. Jurisdiction is appropriate pursuant to 42 U.S.C.

§ 405(g).

## STANDARD OF REVIEW

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the

court set out the standard of review:

> The decision of the Commissioner may be reversed only if
> it is not supported by substantial evidence or if it is
> based on legal error. *Tackett v. Apfel*, 180 F.3d 1094,
> 1097 (9th Cir. 1999). Substantial evidence is defined as
> being more than a mere scintilla, but less than a
> preponderance. *Id.* at 1098. Put another way, substantial
> evidence is such relevant evidence as a reasonable mind
> might accept as adequate to support a conclusion.
> *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the
> evidence is susceptible to more than one rational
> interpretation, the court may not substitute its judgment
> for that of the Commissioner. *Tackett*, 180 F.3d at 1097;
> *Morgan v. Commissioner of Social Sec. Admin.* 169 F.3d 595,
> 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility,
> resolving conflicts in medical testimony, and resolving
> ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th
> Cir. 1995). The ALJ's determinations of law are reviewed
> *de novo*, although deference is owed to a reasonable
> construction of the applicable statutes. *McNatt v. Apfel*,
> 201 F.3d 1084, 1087 (9th Cir. 2000).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS
PURSUANT TO SENTENCE FOUR 42 U.S.C. § 405(g) - 2

1

## SEQUENTIAL PROCESS

2     Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the

3   requirements necessary to establish disability:

4           Under the Social Security Act, individuals who are
       "under a disability" are eligible to receive benefits. 42
5       U.S.C. § 423(a)(1)(D). A "disability" is defined as "any
       medically determinable physical or mental impairment"
6       which prevents one from engaging "in any substantial
       gainful activity" and is expected to result in death or
7       last "for a continuous period of not less than 12 months."
       42 U.S.C. § 423(d)(1)(A). Such an impairment must result
8       from "anatomical, physiological, or psychological
       abnormalities which are demonstrable by medically
9       acceptable clinical and laboratory diagnostic techniques."
       42 U.S.C. § 423(d)(3). The Act also provides that a
10      claimant will be eligible for benefits only if his
       impairments "are of such severity that he is not only
11      unable to do his previous work but cannot, considering his
       age, education and work experience, engage in any other
12      kind of substantial gainful work which exists in the
       national economy . . . " 42 U.S.C. § 423(d)(2)(A). Thus,
13      the definition of disability consists of both medical and
       vocational components.

14
            In evaluating whether a claimant suffers from a
15      disability, an ALJ must apply a five-step sequential
       inquiry addressing both components of the definition,
16      until a question is answered affirmatively or negatively
       in such a way that an ultimate determination can be made.
17      20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The
       claimant bears the burden of proving that [s]he is
18      disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir.
       1999). This requires the presentation of "complete and
19      detailed objective medical reports of h[is] condition from
       licensed medical professionals." *Id.* (citing 20 C.F.R. §§
20      404.1512(a)-(b), 404.1513(d)).

21

## STATEMENT OF FACTS

22     The facts of the case are set forth in detail in the transcript

23   of proceedings (Tr.), and are briefly summarized here.  Plaintiff

24   was 45 years old at the time of the administrative hearing. (Tr.

25   473.)  He testified he went to school until the 11th grade and was in

26   special education classes all his life.  He was unsuccessful at

27   attempting to get his high school equivalency degree. (Tr. 473-74.)

28
     ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
     AND REMANDING FOR ADDITIONAL PROCEEDINGS
     PURSUANT TO SENTENCE FOUR 42 U.S.C. § 405(g) - 3

He was in jail for a burglary conviction from 2000 to 2004, and worked as a short order cook after his release from jail. (Tr. 475-76.) Plaintiff testified he could no longer work because of ongoing pain. He stated he could walk about a block slowly, but falls several times a week due to pain. He also reported he needs to lie down a couple times a day. (Tr. 482-83.)

## ADMINISTRATIVE DECISION

At step one, ALJ Baum found Plaintiff had not engaged in substantial gainful activity since the amended onset date. (Tr. 19.) He determined Plaintiff had the severe impairment of degenerative disk disease. (Tr. 19.) At step three he found Plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P. Appendix I (the Listings). (*Id.*) He determined Plaintiff had the residual functional capacity (RFC) for the "full range of sedentary work on a regular and continuing basis" (Tr. 19), but was unable to perform his past relevant work. (Tr. 21.) The ALJ found Plaintiff had a limited education "with a third grade reading level and is able to communicate in English." (*Id.*) Based on this RFC and applying the Commissioner's Medical-Vocational Guidelines (the Grids),[1] the ALJ determined Plaintiff could perform

---

[1] The Grids were adopted by the Social Security Administration to improve the efficiency and uniformity of Social Security benefits proceedings. *Desrosiers v. Secretary of Health and Human Serv's*, 846 F.2d 573, 577 (9th Cir. 1988). "The grids correlate a claimant's age, education, previous work experience and residual functional

1  other jobs in the national economy and was not "disabled" as defined
2  by the Social Security Act through the date of the decision. (Tr.
3  22.)

4  **ISSUES**

5      The question presented is whether there is substantial evidence
6  to support the ALJ's decision denying benefits and, if so, whether
7  that decision was based on proper legal standards. Plaintiff
8  contends the ALJ erred when he (1) rejected Plaintiff's wrist
9  impairment at step two; (2) improperly rejected his physician's
10 medical opinions; (3) improperly rejected Plaintiff's testimony; and
11 (4) did not meet the Commissioner's burden at step five. (Ct. Rec.
12 14 at 8-9.)

13 **DISCUSSION**
14 **A.   Step Two Findings**

15     Plaintiff contends the medical evidence submitted regarding his
16 wrist impairment is sufficient to satisfy the "*de minimis*" threshold
17 at step two. He claims the ALJ's error at step two tainted the
18 sequential evaluation because non-exertional limitations due to his
19 wrist impairment were not included in his RFC or in step five
20 findings. (Ct. Rec. 14 at 11-13.)

21     At step two of the sequential process, the ALJ must determine
22 whether a claimant suffers from a "severe" impairment, *i.e.,* one
23 which has more than a slight effect on the claimant's ability to

24 _____

25 capacity to direct a finding of either disabled or not disabled."
26 *Cooper v. Sullivan*, 880 F.2d 1152, 1155 (9th Cir. 1989). Their use
27 was upheld as valid in *Heckler v. Campbell, 461* U.S.  458 (1983).

28

work.  To satisfy step two's requirement of a severe impairment, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice.  20 C.F.R. § 416.908.  The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms.  20 C.F.R. § 416.929.

Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of pain.  *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991).  However, an overly stringent application of the severity requirement violates the statute by denying benefits to claimants who do meet the statutory definition of disabled.  *Corrao v. Shalala*, 20 F.3d 943, 949 (9th Cir. 1994).  Thus, the Commissioner has passed regulations which guide dismissal of claims at step two.  Those regulations state an impairment may be found to be "non-severe" only when evidence establishes a "slight abnormality" that has "no more than a *minimal effect* on an individual's ability to work."  *Id.* (*citing Social Security Ruling (SSR)* 85-28).  *See* 42 U.S.C. § 423(d)(2)(B)(Supp. III 1991).

The step two inquiry is a *de minimis* screening device to dispose of groundless or frivolous claims.  *Bowen v. Yuckert*, 482 U.S. 137, 153-154 (1987).  The ALJ must consider the combined effect of all of the claimant's impairments on the ability to function, without regard to whether each alone is sufficiently severe. Ignoring medical evidence of impairments and their limiting effects

without giving "specific legitimate reasons for doing so" is legal error. *Smolen v. Chater*, 80 F.3d 1273, 1282-83 (9th Cir. 1996), (*citing Cotton v. Bowen*, 799 F.2d 1403, 1408-09 (9th Cir. 1986), *overruled on other grounds*); *SSR* 85-28. Therefore, the adjudicator also must identify non-severe impairments and their effects on work activities to fully evaluate a claimant's ability to work.

The adjudicator's role at step two is further explained in the Commissioner's policy ruling:

> A determination that an impairment(s) is not severe requires a careful evaluation of the medical findings which describe the impairment(s) and an informed judgment about its (their) limiting effects on the individual's physical and mental ability(ies) to perform basic work activities; thus, an assessment of function is inherent in the medical evaluation process itself. At the second step of sequential evaluation, then, medical evidence alone is evaluated in order to assess the effects of the impairment(s) on ability to do basic work activities.

*SSR* 85-28. The regulations thus advise the adjudicator that "[g]reat care should be exercised in applying the not severe impairment concept." *Id*.

In determining whether a claimant has a severe impairment the ALJ must evaluate the medical evidence submitted and explain the weight given to the opinions of accepted medical sources in the record. The regulations distinguish among the opinions of three types of accepted medical sources: (1) sources who have treated the claimant; (2) sources who have examined the claimant; and (3) sources who have neither examined nor treated the claimant, but express their opinion based upon a review of the claimant's medical records. 20 C.F.R. § 416.927. A treating physician's opinion carries more weight than an examining physician's, and an examining

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS
PURSUANT TO SENTENCE FOUR 42 U.S.C. § 405(g) - 7

physician's opinion carries more weight than a reviewing or consulting physician's opinion. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). The treating physician's opinion is given special weight because she is employed to cure and has a greater opportunity to observe the claimant's physical condition. *Fair v. Bowen*, 885 F.2d 597, 604-05 (9th Cir. 1989); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983).

If a treating physician's opinions are not contradicted, they can be rejected only with "clear and convincing" reasons. *Lester*, 81 F.3d at 830. If contradicted, the ALJ may reject the opinion if he states specific, legitimate reasons that are supported by substantial evidence. *Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995); *Fair*, 885 F.2d at 605. "As is the case with the opinion of a treating physician, the Commissioner must provide 'clear and convincing' reasons for rejecting the uncontradicted opinion of an examining physician." *Lester*, 81 F.3d at 830 (citation omitted). If the opinion is contradicted, it can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record. *Andrews*, 53 F.3d at 1043. A medical specialist's opinion generally is given more weight than that of a medical source who is not a specialist. 20 C.F.R. § 416.927 (d)(5).

Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain as specific, legitimate reasons for disregarding

the treating physician's opinion. *Flaten*, 44 F.3d at 1463-64; *Fair*, 885 F.2d at 604.  However, when an ALJ finds a claimant's statements as to the severity of impairments, pain and limitations are not credible, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude the ALJ did not arbitrarily discredit claimant's allegations. *Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002); *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991) (en banc).  If there is no affirmative evidence that the claimant is malingering, the ALJ must provide "clear and convincing" reasons for rejecting the claimant's allegations regarding the severity of symptoms. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).

Here, Plaintiff submitted medical records indicating he had injured his left wrist in September 2004, several months after he applied for SSI benefits.  The records show he noticed wrist pain in October 2004.  After x-rays did not detect bony abnormalities, his treating physician sent him to Occupational Medicine, where he was evaluated for left wrist pain on November 30, 2004. (Tr. 243, 433.) At that time, the treating nurse noted Plaintiff had a long history of arthritis, for which he was being treated, and was wearing a splint to help with the wrist pain; occupational therapy was recommended and work restrictions were imposed.  (Tr. 434.)  In January 2005, Plaintiff was seen by William Drury, M.D. who recommended a wrist arthrogram to determine if there was an injury to the triangular fibrocartilage complex (TFCC).  (Tr. 431.)  Dr. Drury also recommended continued use of the splints.  *Id*.  A report from Roy Pierson, M.D., dated September 3, 2005, indicates he

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS
PURSUANT TO SENTENCE FOUR 42 U.S.C. § 405(g) - 9

reviewed documentation of a left wrist TFCC tear, and "because of the complexity of [Plaintiff's] condition," recommended an evaluation by a hand surgery sub-specialist, noting the condition was "not a straightforward TFCC tear." (Tr. 426-27.) Medical records also indicate Plaintiff received "E-stim" and ultrasound treatment for several months. (Tr. 379-405.)

In October 2005, Plaintiff was advised to keep his wrist immobilized until he could see Dr. Adkinson. (Tr. 410.)[2] In March 2006, he was placed on work restrictions of no lifting over five pounds, no repetitive twisting or turning with the left wrist by the Occupational Health treatment provider. (Tr. 416.) Thus, objective medical evidence established a medically determinable condition that caused more than a slight abnormality in Plaintiff's ability to work.[3] *Corrao v. Shalala*, 20 F.3d 943, 949 (9th Cir. 1994); *SSR* 85-

---

[2] The record does not include records from Dr. Adkinson, although there is reference in later chart notes of an independent medical examination completed on March 2, 2006. (Tr. 416.) On remand, this evaluation should be located and reviewed by the Commissioner. *See Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir 2001).

[3] The Commissioner's memorandum of authorities presents an argument that the wrist impairment does not meet the duration requirement. (Ct. Rec. 16 at 8.) However, the ALJ did not give this as a reason for his rejection of the wrist impairment (Tr. 20), and the court is constrained to review only the findings articulated by the ALJ in his decision. *Connett v. Barnhart*, 340 F.3d 871, 874

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS
PURSUANT TO SENTENCE FOUR 42 U.S.C. § 405(g) - 10

28.

The ALJ did not summarize medical evidence of Plaintiff's wrist injury, evaluation, and treatment, and he did not reject Dr. Pierson's opinion that Plaintiff's conditions was "complex," requiring further evaluation and treatment.  In a brief mention of the wrist injury, the ALJ found, "The claimant developed a left wrist injury which caused him pain, but with occupational therapy treatment and a wrist splint, he was able to decrease the pain." (Tr. 21.)  This finding does not address the documented restrictions on left wrist mobility and is not sufficient to reject at step two the medical evidence presented.  *Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005).  The objective evidence clearly establishes a medical diagnosis, treatment, complaints consistent with the diagnosis, and documented work restrictions; therefore, Plaintiff's wrist impairment is considered "severe" at step two.  *Id*.  The ALJ erred at step two.

---

(9th Cir.  2003); *Pinto v. Massanari*, 249 F.3d 840, 847-48 (9th Cir. 2001).  Further, as discussed above, the record indicates Plaintiff's wrist injury occurred after his application for SSI, and was evaluated and treated continuously from the time he started experiencing pain in October 2004 until March 2006.  Plaintiff testified that later attempts to work were unsuccessful because he could not bend or pick up things.  (Tr. 476.)  This evidence satisfies the duration requirement.  20 C.F.R. § 416.905; *see also Corrao*, 20 F.3d at 949 (overly stringent application of statute should not be used to deny benefits at step two).

Legal error is harmless when the correction of that error would not alter the result. *Johnson v. Shalala*, 60 F.3d 1428, 1436 n.9 (9th Cir. 1995). Here, however, the erroneous rejection of Plaintiff's wrist impairment at step two was prejudicial to Plaintiff throughout the sequential process and, therefore, is not harmless error. Specifically, in this RFC determination, the ALJ found Plaintiff capable of a full range of sedentary work "on a regular and continuing basis," without considering documented, non-exertional restrictions in Plaintiff's wrist mobility. (Tr. 19-22.) Although sedentary work involves lifting or carrying no more than 10 pounds at a time, and occasional (up to one-third of the time) carrying of articles like papers or small tools, the Commissioner's policy ruling specifically states that "most unskilled sedentary jobs require good use of the hands and fingers for <u>repetitive</u> hand-finger actions." *SSR* 83-10 (emphasis added). The ALJ's inclusion of effects of pain and limitations due to twisting and repetitive actions of the left wrist could alter significantly the outcome of the hearing if not properly rejected or discounted. Therefore, the Commissioner's failure to properly consider Plaintiff's wrist impairment at step two is reversible error.

**B.   Credibility Findings**

Plaintiff contends the ALJ did not properly reject his testimony. As stated above, where, as here, there is no evidence of malingering, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude the ALJ did not arbitrarily discredit claimant's allegations. *Thomas,* 278 F.3d at 958-959. In addition to ordinary techniques of

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS
PURSUANT TO SENTENCE FOUR 42 U.S.C. § 405(g) - 12

credibility evaluation, the ALJ may consider the following factors when weighing the claimant's credibility: the claimant's reputation for truthfulness, inconsistencies either in his allegations of limitations or between his statements and conduct, daily activities and work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the alleged symptoms. *Fair v. Bowen*, 885 F.2d 597, n.5 (9th Cir. 1989); *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).

Here, the ALJ found Plaintiff's statements were not credible because objective medical evidence did not support his complaints. This reason alone is not sufficient to discredit a claimant's subjective complaints. *SSR* 96-7p. The ALJ also made the general finding that Plaintiff did not receive "the type of medical treatment one would expect for a totally disabled individual." This reason is not legitimate since Plaintiff was incarcerated until 2004, had documented arthritis and nerve encroachment, and did not receive medical benefits until March 2006. Further, the record indicates that Plaintiff was waiting for authorization for surgery on his wrist in December 2005, which may have been contingent upon medical coverage. (Tr. 31-35, 420.) Other reasons given were: (1) an examining physician observed "normal behavior once the examination was completed" in contrast to behavior exhibited during the one-time exam; (2) "[o]verall, the claimant's reported limited daily activities are considered to be outweighed by other factors discussed in the decision"; (3) Plaintiff was "vague" in his description of symptoms; and (4) his daily activities "cannot be objectively verified with any reasonable degree of certainty," (Tr.

1  20, 21.)  The ALJ's credibility findings are not sufficiently
2  specific or "clear and convincing" to reject totally Plaintiff's
3  subjective complaints of pain and limitations. *See Lester*, 81 F.3d
4  at 834 (a general statement that testimony is unbelievable is not
5  "clear and convincing").

6  **C.   Remedy**

7       Remand for additional proceedings is proper where defects in
8  the administrative proceedings can be remedied.  *See Gonzalez v.*
9  *Sullivan*, 914 F.2d 1197, 1202 (9th Cir. 1990).   Here, a full five
10 step sequential evaluation with the assistance of a vocational
11 expert is necessary to ascertain whether there are jobs Plaintiff
12 can perform.  *Hoopai v. Astrue*, 499 F.3d 1071, 1076 (9th Cir. 2007)
13 (*citing Tackett*, 180 F.3d at 1100).

14      The Commissioner's policy ruling specifically directs that
15 where pain is alleged, the RFC assessment must explain the effect of
16 pain on the claimant's ability to work.  *SSR* 96-8p.  Where non-
17 exertional limitations significantly restrict the claimant's ability
18 to tolerate certain work settings, the ALJ cannot rely solely on the
19 Grids.[4]  *Cooper*, 880 F.2d at 1156.   Where non-exertional limitations
20 are established, the Grids are used as a "framework," because
21 alone, the Grids do not fully describe the claimant's abilities and
22 limitations.  *Tackett*, 108 F.3d at 1102.  However, as stated by the
23 *Hoopai* court, "the satisfaction of the step-two threshold

24 _____

25      [4]  Non-exertional limitations are those that do not depend on
26 an individual's physical strength, such as pain, manipulative
27 limitations or mental limitations.  *SSR* 96-8p.

28

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS
PURSUANT TO SENTENCE FOUR 42 U.S.C. § 405(g) - 14

requirement that a claimant prove [his] limitations are severe is not dispositive of the step-five determination of whether the non-exertional limitations are sufficiently severe such as to invalidate the ALJ's exclusive use of the [Medical-Vocational Guidelines] without the assistance of a vocational expert." *Hoopai,* 499 F.3d at 1078.   The use of the Grids may be precluded where, as here, the record documents limitations due to pain and non-exertional restrictions.   *Id.*

As discussed above, Plaintiff is prejudiced by the improper exclusion of the diagnosed severe impairment and documented non-exertional limitations in the ALJ's sequential evaluation; therefore, remand for further proceedings is appropriate. *Stout v. Commissioner, Social Sec. Admin.*, 454 F.3d 1050, 1057 (9th Cir. 2006).   In addition, remand is necessary for the proper evaluation of acceptable medical source opinions, consideration of symptoms and limitations caused by medically determinable impairments in combination, and vocational expert testimony.   20 C.F.R. 416.923; *Hoopai,* 499 F.3d at 1078.   Finally, remand is proper for specific credibility findings, supported by "clear and convincing" reasoning, to justify the total rejection of Plaintiff's pain complaints. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1045 (9th Cir. 2007)(remand proper if outstanding issues must be resolved); *Connett*, 340 F.3d at 876.

On remand, additional evidence that is relevant and material to the period at issue may be submitted, including the hand evaluation referenced by nurse practitioner Lisa Rutherford on March 9, 2006. (Tr. 416.)   If necessary, medical expert testimony may be obtained

1  to assist in the evaluation of conflicting medical reports, if any.

2  A reasonable ALJ may find Plaintiff "disabled" upon consideration

3  throughout the sequential evaluation process of all impairments,

4  unrejected medical opinions, Plaintiff's credible complaints, and

5  limitations supported by the record.   Accordingly,

6      **IT IS ORDERED:**

7      1.   Plaintiff's Motion for Summary Judgment **(Ct. Rec. 13)** is

8  **GRANTED.**  The matter is remanded to the Commissioner for additional

9  proceedings pursuant to 42 § U.S.C. 405(g).

10      2.   Defendant's Motion for Summary Judgment dismissal **(Ct.**

11  **Rec. 15)** is **DENIED.**

12      3.   Application for attorney fees may be made by separate

13  motion.

14      The District Court Executive is directed to file this Order and

15  provide a copy to counsel for Plaintiff and Defendant.   The file

16  shall be **CLOSED** and judgment entered for **Plaintiff.**

17      DATED May 28, 2009.

18

19          _____S/ CYNTHIA IMBROGNO_____
20               UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS
PURSUANT TO SENTENCE FOUR 42 U.S.C. § 405(g) - 16